EQUITABLE BUILDING & LOAN ASSOCIATION, APPELLEE, V. GEO. E. BIDWELL ET AL., APPELLANTS.

60  169
f60  173

FILED APRIL 18, 1900. No. 9,218.

1. **Contract with Corporation:** ESTOPPEL. One who has entered into a contract with a body assuming to act as a corporation, is not permitted, when sued on such contract, to question the capacity of such body to contract or to sue.

2. **Statute:** ARTICLES OF INCORPORATION: FILING WITH CLERK. Under section 126, chapter 16, Compiled Statutes, 1895, a corporation, previous to the commencement of any business, except its own organization, must file its articles of incorporation for record in the office of the county clerk in the county or counties in which the business is to be transacted.

3. **Record:** COPY: PROOF. And such record, or a certified copy thereof, is primary proof of the right of the association to transact business.

4. **Building and Loan Association:** STIPULATION IN MORTGAGE: WITHDRAWAL OF VALUE OF SHARES. A borrower from a building and loan association, whose mortgage stipulates that in

case of foreclosure he shall receive credit for the withdrawal value of his shares of stock on a basis fixed by the by-laws, is entitled on foreclosure to have the withdrawal value of his stock fixed and credited according to his contract.

APPEAL from the district court of Dakota county. Heard below before ROBINSON, J. *Reversed.*

*Shull & Farnsworth, John T. Spencer* and *J. Fowler,* for appellants:

When the cause came to trial, not only was there no attempt to give any credit for the withdrawal value of the shares of stock, but the by-laws, which were as much a part of the contract as the note itself, were not even introduced in evidence; and the note, articles of incorporation and by-laws were abandoned and the case tried upon a claim for so much money had and received, and credit given for payments made thereon. Suppose a man sues on a promissory note drawing ten per cent interest. Issue is joined and cause comes to trial. Plaintiff can not find the note; and, therefore, says to the court: "We abandon our suit on this note and we ask judgment on an account. There can not be prejudice, as we will take less interest than the note draws"; and the court should say: "Well, if you take less interest, there can be no prejudice, and I will let you try it that way." In spite of the rate of interest, would defendant not be prejudiced? He was ready for trial on one issue. He is compelled to try it on another without change of pleadings, and simply on the theory no prejudice could arise. A party can not state one case and prove another. *Clarke v. Omaha & S. W. R. Co.,* 5 Nebr., 314; *Young v. Filley,* 19 Nebr., 543.

*Jay & Welty* and *Swan, Lawrence & Swan, contra.*

SULLIVAN, J.

This action was instituted by the Equitable Building & Loan Association to foreclose a real estate mortgage. Some of the defendants are the mortgagors and the others

are owners of incumbrances on the property covered by plaintiff's mortgage.  The district court gave plaintiff a first lien on the premises described in the petition, and from that judgment the defendants have appealed. They first contend that the association has not shown that it possesses legal capacity either to contract or to sue. This contention can not be sustained. The mortgagors are not permitted to deny the validity of the plaintiff's mortgage (sec. 144, ch. 16, Compiled Statutes, 1899; *Holland v. Commercial Bank*, 22 Nebr., 571; *Livingston Loan & Building Ass'n v. Drummond*, 49 Nebr., 200), and the other defendants being in privity with them are also bound by the estoppel.  But if this were not so, there is another reason why the alleged want of corporate capacity does not entitle defendants to a reversal of the judgment. The plaintiff is a Nebraska corporation; its home office is in Dakota county, and there its articles of incorporation are recorded.  At the time it was organized, section 126, chapter 16, Compiled Statutes, 1895, was in force and provided as follows: "Every corporation, previous to the commencement of any business, except its own organization, when the same is not formed by legislative enactment, must adopt articles of incorporation, and have them recorded in the office of the county clerk of the county or counties in which the business is to be transacted, in a book kept for that purpose." At the trial the plaintiff produced a copy of the record of the articles, duly certified by the county clerk, and the same was received in evidence. This was competent and primary proof; and it established completely the right of the association to make contracts and enforce them by suit.  Code of Civil Procedure, sec. 408; *Hall v. Aitkin*, 25 Nebr., 360; *Farmers Loan & Trust Co. v. Funk*, 49 Nebr., 353.  In addition to this there was introduced in evidence a certificate issued by the banking department, under section 148c, chapter 16, Compiled Statutes, 1895, authorizing the plaintiff to do business in this state as an incorporated building and loan association.

Another argument pressed vigorously on our attention by counsel for defendants is that the evidence does not entirely support the judgment. The plaintiff has filed no brief in the case, and we are not advised of its views upon this point. It seems quite probable that the recovery is not excessive, but we are unable to find in the record any evidence whatever that the amount awarded the association is the actual balance due on its loan to the principal defendants. It is provided in the mortgage that the amount due the plaintiff, in the event of a foreclosure, shall be the original debt, all monthly installments on the borrower's stock, interest, premiums, fines, charges and penalties due at the date of the decree, together with any sums paid by the association for insurance, taxes or assessments on the mortgaged property, which aggregate sum shall be credited with the withdrawal value of the borrower's shares of stock as fixed by the by-laws of the company. The by-laws were not introduced in evidence, and, therefore, the withdrawal value of the borrowers' shares was not determined in the mode prescribed by the contract, nor in any other manner. The borrowers, it is true, were credited with the actual amount paid by them to the association, but we have no means of knowing that such amount represents the withdrawal value of their stock. Probably it exceeds such value, but there is no basis in the record for saying that it does. The judgment rests, in part, on mere conjecture, and it must, therefore, be reversed.

REVERSED AND REMANDED.